# IN THE COURT OF APPEALS OF IOWA

No. 20-0547
Filed June 3, 2020

**IN THE INTEREST OF P.J.,**
**Minor Child,**

**B.J., Father,**
       Appellant.
_____

Appeal from the Iowa District Court for Wapello County, William Owens, Associate Juvenile Judge.

A father appeals the juvenile court decision terminating his parental rights.

**AFFIRMED.**

Joseph P. Goedken of Orsborn, Mitchell, Goedken & Larson, P.C., Ottumwa, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Sarah Wenke, Ottumwa, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., May, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**DANILSON, Senior Judge.**

A father appeals the juvenile court decision terminating his parental rights. We find there is sufficient evidence in the record to support termination of the father's parental rights. The father did not preserve his claim regarding reasonable efforts. Termination of the father's parental rights is in the child's best interests, and none of the exceptions to termination should be applied. We affirm the decision of the juvenile court.

## I.      Background Facts & Proceedings

B.J., father, and C.J., mother, are the parents of P.J., who was born in 2019.[1] The child tested positive for amphetamines and methamphetamine and the mother tested positive for amphetamines when the child was born. The attending pediatrician stated the child may have exhibited withdrawal symptoms. The parents have a history of using methamphetamine. The parents agreed to place the child in the care of a family friend, H.H.

On February 12, 2019, the child was adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(o) (2019). The dispositional order placed the child in the care of H.H. The parents did not have stable housing and were living in a motel. They did not have employment or transportation. The parents participated in supervised visitation with the child.

The father tested positive for methamphetamine in April. He did not attend recommended outpatient treatment at that time. In September, the father was

---

[1] The parents' rights to an older child, J.J., were terminated on April 5, 2017. At that time, the parents were using methamphetamine and had not completed a substance-abuse treatment program. The termination was affirmed on appeal. *In re J.J.*, No. 17-0603, 2017 WL 2684418, at *5 (Iowa Ct. App. June 21, 2017).

accepted for inpatient treatment, but he never entered the program. The father began an outpatient substance-abuse treatment program in January 2020. He was inconsistent in attending appointments and admitted he used methamphetamine on February 1.

On February 7, 2020, the State filed a petition seeking to terminate the parents' rights. The termination hearing was held on March 2. The father requested more time, stating he was planning to enter an inpatient treatment program. The parents were living with a friend, and the father admitted their housing situation could change at any time. A social worker testified the father had never fully participated in a treatment program for substance abuse. The child has been living with H.H. since shortly after she was born, and H.H. has expressed an interest in adopting the child.

The juvenile court terminated the parents' rights under section 232.116(1)(g) and (h) (2020).[2] The court noted the issues that gave rise to the termination of their parental rights to their older child have still not been addressed. The court found the parents "have not successfully completed substance abuse treatment, and according to their own reports have continued to use illegal drugs." The court also found, "There is simply no indication that [the child] could be returned to their care today, or at any time in the foreseeable future." The court denied the father's request for additional time. The court found termination of the father's rights was in the child's best interests, finding he could not provide her with "the permanency she needs and deserves." The court determined none of the

---

[2] The mother's petition on appeal following her notice of appeal of the termination order was untimely, and her appeal was dismissed.

exceptions in section 232.116(3) should be applied. The father appeals the juvenile court's decision.

## II. Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

## III. Sufficiency of the Evidence

The father claims there is not clear and convincing evidence in the record to support termination of his parental rights. He states he was in outpatient treatment at the time of the termination hearing and asserts the juvenile court improperly found he had not addressed his substance-abuse problems. The father also states he had suitable housing. He disputes the court's statement that he did not have stable housing.

"When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015). We will focus on section 232.116(1)(g), which provides for termination when:

> The court finds that all of the following have occurred:
>     (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
>     (2) The court has terminated parental rights pursuant to section 232.117 with respect to another child who is a member of the

same family or a court of competent jurisdiction in another state has entered an order involuntarily terminating parental rights with respect to another child who is a member of the same family.

(3) There is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation.

(4) There is clear and convincing evidence that an additional period of rehabilitation would not correct the situation.

There was a CINA adjudication for the child in February 2019. The father's rights to an older child were terminated in April 2017. The problems in the earlier case—the father was using methamphetamine and had not completed a substance-abuse treatment program—remained in the present case, showing the father "lack[ed] the ability or willingness to respond to services which would correct the situation." *See* Iowa Code § 232.116(1)(g)(3).

Furthermore, there is clear and convincing evidence the situation would not be corrected if the father was given an additional period for rehabilitation. Throughout the case, the father had substance-abuse evaluations or began treatment programs and never followed through. The parents' social worker with the Iowa Department of Human Services testified she did not recommend giving the parents additional time to work on reunification because "we have been involved for 13 months total and 12 months since adjudication for this family to address the issues that they need to address, and they have not done so." We conclude the juvenile court properly terminated the father's parental rights under section 232.116(1)(g).

## IV. Reasonable Efforts

The father contends the State did not make reasonable efforts to reunite him with the child. However, the issue of reasonable efforts was not raised prior

to this appeal. While the State has the obligation to make reasonable efforts, it is the parent's responsibility to demand services if they are not offered prior to the termination hearing. *In re H.L.B.R.*, 567 N.W.2d 675, 679 (Iowa Ct. App. 1997). "Where a parent 'fails to request other services at the proper time, the parent waives the issue and may not later challenge it at the termination proceeding.'" *T.S.*, 868 N.W.2d at 442 (citation omitted). We conclude the father has not preserved the issue of reasonable efforts for our review.

### V.  Best Interests & Permissive Factors

The father asserts termination of his parental rights is not in the child's best interests. He states that he regularly attended visitation, the visits went well, and he had a bond with the child.

"When we consider whether parental rights should be terminated, we 'shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child.'" *In re M.W.*, 876 N.W.2d 212, 224 (Iowa 2016) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010).

The juvenile court found, "The parents have made very little progress since [the child] was removed." The court stated the father "has also not engaged in substance abuse treatment, has continued to use drugs, and for those reasons he is not able to provide the sort of safe, permanent and stable home the child

deserves." The court found the child "is in need of permanency now." We agree with the juvenile court's findings that the father is not able to provide the safe, permanent, and stable home the child needs. We conclude termination of the father's parental rights is in the child's best interests.

As part of his best interests argument, the father also states that severing his bond with the child would be detrimental to the child. The court may make an exception to termination of a parent's rights if "termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). This provision is permissive, not mandatory. *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014).

The juvenile court found, "there is no evidence to show a severing of the bonds between the child and parents would be detrimental to the child." We concur in the juvenile court's conclusion. The child has been living with H.H. since shortly after birth, and H.H. has expressed an interest in adopting the child. Severing the bond with the father would not be detrimental to the child. On the other hand, terminating his parental rights will allow her to remain in the only home she has ever known. We determine the juvenile court properly declined to find an exception to termination of parental rights should be applied in this case.

We affirm the decision of the juvenile court.

**AFFIRMED.**